IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES KENDALL BREYLEY III,

                Plaintiff,                              OPINION AND ORDER

   v.                                                              22-cv-594-wmc

ROSLYN HUNEKE, et al.,

                Defendants.

In previous orders, this court granted plaintiff James Breyley, a state inmate representing himself, leave to proceed on Eighth Amendment claims against defendants Roslyn Huneke, Holly Gunderson, Mindy Hams, and Roy Burkhalter related to the care he received for a right foot/ankle injury he reported in May/June 2021. (Dkts. ##6 and 20.) Now, while a summary judgment motion on the merits of those claims is pending before this court, plaintiff Breyley has filed an unrelated motion seeking a temporary restraining order and preliminary injunction to prevent the Department of Corrections' Special Needs Committee from denying his request to extend his right to wheelchair and wheelchair van restrictions. (Dkt. #97.) Breyley supports this motion with a memorandum of law and an affidavit. (Dkt. ##97 and 98.) For the reasons set forth below, the court must deny plaintiff's motion for a temporary restraining order and preliminary injunction.

BACKGROUND FACTS[1]

In October 2022, Breyley filed his complaint alleging Eighth Amendment claims.

---

[1] Unless otherwise noted, the following facts adopted from plaintiff's declaration in support of his motion for a temporary restraining order and preliminary injunction. (Dkt. #98.)

(Dkt. #1.)  Plaintiff was granted leave to proceed on this claim against defendants Huneke, Gunderson, Hams, and Burkhalter.  (Dkts. ##6 and 20.)

After receiving treatment in December 2022, plaintiff continued to visit with physical therapists and doctors to have his injury and surgical site evaluated.  Breyley was consistently advised by his medical care providers that he would need assistance devices for safety and that a wheelchair would be appropriate.  Most recently, after a visit on January 9, 2025, non-defendants -- Dr. O'Brien and a physical therapist Hyzer -- ordered that he should be provided a wheelchair for distant trips and a van that can transport it when Breyley leaves the facility.  However, this order was apparently ignored during a trip on May 21, 2025.  Without access to a van capable of transporting a wheelchair, plaintiff then refused to travel.  After Breyley's inmate complaint was affirmed regarding this wheelchair restriction, Breyley requested that the Special Needs Committee ensure that his restriction would remain in place for another year, beginning June 11, 2025.  However, his request was denied, and the Special Needs Committee ended Breyley's wheelchair and wheelchair van restrictions on July 31, 2025, despite his continuing pain.  Breyley now asks this court for an order enjoining the Special Needs Committee from enforcing their denial.

OPINION

To prevail on a motion for a preliminary injunction, plaintiff must show: (1) a likelihood of success on the merits of his case; (2) a lack of an adequate remedy at law; and (3) an irreparable harm that will result if the injunction is not granted.  *Lambert v. Buss*,

498 F.3d 446, 451 (7th Cir. 2007). Before even considering the merits of plaintiff's new claim for relief, however, the court must address other dispositive issues.

First, while plaintiff has filed an affidavit in support of his motion, he has not followed this court's procedures for motions for injunctive relief (https://www.wiwd.uscourts.gov/sites/default/files/Injunctive_Relief.pdf), which require him to file proposed findings of fact in support of his request for injunctive relief, as well as the evidence supporting those proposed factual findings. Second, plaintiff's motion seeks injunctive relief against the Special Needs Committee; however, neither that committee nor its members are named as defendants, placing them all beyond this court's present authority.[2] *See Nat'l Spiritual Assembly of Baha'is of U.S. Under Hereditary Guardianship, Inc. v. Nat'l Spiritual Assembly of Baha'is of U.S., Inc.*, 628 F.3d 837, 847 (7th Cir. 2010) (It is a principle of general application in Anglo–American jurisprudence that one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process.") (internal quotations omitted). Finally, the factual assertions plaintiff relies on happened long after those detailed in his complaint. *See Chicago Reg'l Council of Carpenters v. Vill. Of Schaumburg*, 644 F.3d 353, 356 (7th Cir. 2011) (A plaintiff seeking a preliminary injunction "must still ground [his] right to relief on events described in the complaint, not on matters that arise later.").

---

[2] The DOC's Special Needs Committee is currently comprised of Brendan Ingenthron, Nicole Brown, Sara Combs, Susan Cook, Karen Hannah, Maryah Fredrickson, Travis Haag, and Corey Rahlf. (Dkt. #98-5.)

For all of these reasons, the court must deny plaintiff's motions for a TRO and preliminary injunction without prejudice. While plaintiff may renew his request for injunctive relief, he should be mindful of the issues the court just identified above, and he must follow this court's procedures for obtaining injunctive relief.

ORDER

IT IS ORDERED that: plaintiff's motion for a temporary restraining order and preliminary injunction (dkt. #97) is DENIED.

Entered this 6th day of August, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge